## ROLLS ROYCE OF AMERICA v NOONAN

Ohio Appeals, 8th Dist, Cuyahoga Co

No 11963. Decided Jan 25, 1932

MAUCK, PJ, MIDDLETON and FARR, JJ. sitting.

Wilt, Yoder & Boer, Cleveland, for plaintiff in error.

William J. Corrigan, Cleveland, for defendant in error.

FARR, J.

The first assignment for error is that defendant in error upon the return of the car, did not place plaintiff in error in status quo, in that there was not full compliance with §6310-3, 6310-11 and 6310-13 GC; that is to say, that when the car was returned to the Rolls Royce Co., no bill of sale was delivered to the Company by Mrs. Noonan and it is claimed that therefore title had vested in Mrs. Noonan and that in order to divest herself of such title that she must have necessarily made a bill of sale back to the Company. In this connection numerous authorities are cited to sustain the view that one desiring to rescind a contract must place the other party in status quo and such is the well established rule in this and many jurisdictions.

Black on Rescissions (2nd Ed) Chap. 38, Par. 16.

Crooks vs Eldrige Co., 64 Oh St, 195.

Insurance Co vs Burke, 69 Oh St, 294.

Black on Rescission, paragraphs 626, 630, p. 1530.

and many other cases and authorities might be cited to sustain this view. However, the record discloses that after the return of the automobile to the Rolls Royce Company that it was used by the Company as disclosed at page 162 in the testimony of Miss Richcreek, or that the Company permitted the car to be used. This is testimony that the jury would have a right to believe if it felt inclined so to do and if such, in fact, was the case. The conduct of the Company would rather clearly indicate that they recognized a rescission of the contract.

Another outstanding fact is that from the time of the return of the car until the time of trial, something like 32 months elapsed in which it does not appear that there was any demand that the Noonans take the car back. The Company crosspetitioned for storage which was claimed to be due but which claim it is understood is not now being pressed. It is a fair proposition that the Company could not keep possession of the car and use it or permit its use and claim that it belonged to the other party. Nor does it appear there was any demand for the return of the bills of sale showing title or a new bill of sale from Mrs. Noonan to the Company. Such being the case, the election upon the part of the Company to hold the car and permit its use would operate as a waiver of the requirement of the statute relating to the execution of a bill of sale showing the return of title to the car. Therefore, the conduct of the Company must be held to operate a waiver of a bill of sale.

The next assignment for error is that the trial court permitted the introduction of parol evidence to prove fraud and this contention is based upon the fact that there is attached to the record an offer in writing to purchase. This offer to purchase, at most, could be no more than a unilateral contract and was not a complete obligation operating upon both parties until the purchase was recognized as valid by the Company. Therefore there was no error in the admission of such testimony. It is inconsistent for the Company to keep the car many months without bill of sale and yet permit its use.

Again it is suggested that the trial court was requested to charge upon certain propositions and remarked to counsel who made the request, that the same should be put in writing and that the court would refuse to so charge if the request in writing was the same as the verbal suggestion. If counsel desired to make such request he should have complied with the statute and offered same in writing, §11447, and had it properly refused or given by the trial court and not having done so he must be held to have waived the same.

After having examined all the errors assigned, the conclusion is that there are none which can avail. Therefore the judgment is affirmed.

MAUCK, PJ and MIDDLETON, J, concur.